**Harbir S. MAKIN, M.D.; Seema Makin, Plaintiffs—Appellants,**

v.

**PFIZER INC.; Warner–Lambert Co., Defendants—Appellees.**

No. 03–36050.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted July 11, 2005.

Decided Aug. 15, 2005.

James B. Hovland, David Krause, Krause & Rollins, Minneapolis, MN, for Plaintiffs–Appellants.

Charles P. Flynn, Esq., Burr, Pease & Kurtz, Anchorage, AK, for Defendants–Appellees.

Before: GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Dr. Harbir Makin filed this products liability action against Pfizer, Inc. and Warner–Lambert Co., the manufacturers and distributors of a cholesterol-lowering prescription medication marketed under the brand name Lipitor. Dr. Makin alleges that he suffers from chronic myopathy, a muscle impairment, as a result of taking Lipitor. Granting summary judgment, the district court ruled that under Alaska law, the tort claims set forth in Dr. Makin's complaint are barred by the applicable two-year statute of limitations. We review the district court's grant of summary judgment de novo, *see Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), and affirm.

Under Alaska law, a tort claim must be filed "within two years of the accrual of the cause of action." Alaska Stat. § 09.10.070(a). Although a personal injury claim ordinarily "accrues" when the plaintiff is injured, *see Pedersen v. Zielski,* 822 P.2d 903, 906 (Alaska 1991), the Alaska Supreme Court has adopted a discovery rule which provides that a claim accrues "'when the plaintiff has information which is sufficient to alert a reasonable person to begin an inquiry to protect his rights.'" *John's Heating Service v. Lamb,* 46 P.3d 1024, 1031 (Alaska 2002) (quoting *Cameron v. State,* 822 P.2d 1362, 1367 (Alaska 1991)).

It is undisputed that Dr. Makin began to search for the cause of his ailment no later than mid-October, 1999, and that his investigation revealed within approximately six months that Lipitor is the likely cause of his ailment. As we read the Alaska cases, Dr. Makin was charged with the duty to complete his inquiry and commence his action within two years from the date on which he began to seek medical opinions on the cause of his symptoms. *See, e.g., Pedersen,* 822 P.2d at 908 (noting that once the plaintiff has information sufficient to alert a reasonable person to begin an in-

quiry to protect his or her rights, the plaintiff is "deemed to have notice of all facts which reasonable inquiry would disclose"); *see also Sopko v. Dowell Schlumberger, Inc.,* 21 P.3d 1265, 1271–72 (Alaska 2001) (holding plaintiff's claim barred where serious symptoms after toxic exposure were sufficient to prompt investigation and "all of the essential elements of Sopko's cause of action could have been discerned within the limitations period, with reasonable time remaining to file suit"). We therefore hold that, on the facts of this case, the limitations period began to run no later than mid-October, 1999, when Dr. Makin first experienced the serious symptoms he now claims are due to Lipitor, and began his investigation into their cause. The district court properly concluded that Dr. Makin's action, which was not filed until November, 2001, is barred by the applicable two-year statute of limitations.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.